# Alabama Great Southern Railroad Co. v. Collier.*

*Action against a Railroad Company by Passenger to recover Damages.*

1. *Action against railroad company for damages; sufficiency of complaint.*—In an action against a railroad company by one who was a passenger, a complaint which alleges that in the car in which plaintiff was riding as a passenger, and on the wall over the seat provided for plaintiff, the "defendant had negligently and carelessly hung, placed or affixed a glass bottle containing a liquid or fluid, and that said bot-

---

*This case was decided December 19, 1893, but through mistake has not appeared in any of the Reports.

tle was broken or exploded, and the contents thereof were negligently spilled over and upon the clothing and person of the plaintiff, and that said liquid so spilled upon plaintiff, injured and damaged" his clothing and burnt and scalded his face and neck, sufficiently states a 'cause of action, and is not open to demurrer upon the ground that it fails to aver that the bottle containing the liquid was broken by the negligence of the defendant or its servants.

2. *Evidence; practical test before jury.*—In an action against a railroad company to recover damages for injury done to the plaintiff's clothing by the explosion of a bottle containing a liquid fire extinguisher, which was hanging upon the wall of the car, it is not permissible on the trial to make a practical test as to whether such extinguisher would injure clothes when spilled upon them, by producing a bottle of the extinguisher and pouring it upon scraps of cloth in the presence of the court or jury.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action brought by the appellee, B. K. Collier, against the appellant, the Alabama Great Southern Railroad Company, to recover damages for injuries alleged to have been inflicted while the plaintiff was a passenger, by reason of the defendant's negligence. The allegations of negligence as contained in the complaint are set forth in the opinion. To the complaint the defendant demurred upon the following grounds: 1. Said complaint presents no cause of action against this defendant. 2. Said complaint does not allege that the bottle of fire extinguisher which had the fluid in it was broken by the negligence of defendant or its servants. 3. Said complaint alleges that the bottle of fire extinguisher was carelessly hung on the wall of the car, but does not allege any intervening act of negligence that caused the injury, on the part of the defendant. 4. Said complaint shows that there was no act of negligence on the part of defendant which caused the bottle to break and its contents to spill on the plaintiff. The demurrer was overruled, and the defendant duly excepted.

The evidence for the plaintiff tended to show that, while he was riding on the defendant's train, a bottle of fire extinguisher known as "Harden's Hand Grenade Fire Extinguisher," which was hanging upon the wall of one of the cars of defendant's train, broke, and the contents of said bottle were spilled upon the defendant's clothes, and upon his face and neck; that the said suit of clothes was ruined, and that his face and neck were burned.

[Alabama Great Southern Railroad Co. v. Collier.]

The testimony for the defendant tended to show that the fire extinguisher which broke and was spilled on the plaintiff's clothes would not injure cloth, nor would it burn the skin. As a part of the defendant's testimony, the counsel for the defendant brought a bottle of the extinguisher into court, and, breaking the same, put some of the liquid upon different scraps of cloth, as a test to show that the said extinguisher would not soil or ruin cloth. After this experiment, the plaintiff moved the court to exclude the experiment, and the result thereof, from the evidence. The court granted the said motion, and the defendant duly excepted.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence judgment was rendered for the plaintiff. The defendant appeals from this judgment, and assigns as error the rulings of the court upon the pleadings and evidence, and the rendition of judgment for the plaintiff.

A. G. SMITH, for appellant.

No counsel marked as appearing for appellee.

STONE, C. J.—Appellee, Collier, was a passenger on the train of appellant, and was occupying one of the seats on the train. The grievance he complains of is charged in the following language: "That said train containing said car in which plaintiff was riding was then running at a high rate of speed, and upon the walls of said car of said train in which plaintiff was riding, and over and above the seat provided for plaintiff as aforesaid, defendant had negligently and carelessly hung, placed, or affixed a glass bottle containing a liquid or fluid, and that said bottle was broken or exploded, and the contents thereof were negligently and carelessly poured and spilled over and upon the clothing and person of plaintiff; that said liquid so spilled upon plaintiff injured and damaged and destroyed plaintiff's clothing, and burnt and scalded his face and neck and back." There was a demurrer to the complaint, assigning several grounds. The second ground is that the complaint fails to aver that the bottle of fire extinguisher was broken "by the negligence of defendant, or its servants." Possibly, under strict grammatical rules, there is some in-

definiteness in the charge of negligence complained of in this case. The uncertainty of expression relied on for reversal, according to the contention of appellant, consists in the alleged absence of averment that there was any negligence in the manner of hanging, placing, or affixing the bottle, which caused it to break or explode ; that the only charge of negligence found in the complaint is that the glass bottle containing the liquid was negligently and carelessly "hung, placed, or affixed" on the walls of the car in which plaintiff was riding, and over the seat given him ; "and that said bottle was broken or exploded," &c.,—no averment that the bottle was likely to break or explode, or that the breaking resulted from carelessness or negligence in the manner of hanging, placing, or affixing the bottle to the walls of the car. We think there is nothing in this demurrer. The negligence complained of is twofold : First, that the bottle was carelessly hung, placed, or affixed ; and, second, that it was carelessly placed or affixed on the wall of the car, "over and above the seat provided for plaintiff," and in which he was furnished a seat. Tested by the rule of pleading applicable to such cases, namely, certainty to a common intent, we hold the demurrer was rightly overruled.

There is nothing in the other exception reserved.
Affirmed.

# MEMORANDA

OF

Cases Decided During the Period Embraced in this Volume, Which are Ordered not to be Reported in Full.