(99 South. 84)

## TENNESSEE MILL & FEED CO. v. GILES.
### (6 Div. 55.)

(Supreme Court of Alabama. Jan. 24, 1924. Rehearing Denied Feb. 14, 1924.)

**1. Municipal corporations ☞706(6)—Whether truck driver saw bicycle rider held for jury.**

In an action for injuries sustained by plaintiff while riding a bicycle when struck by defendant's truck, held, that the evidence authorized an inference by the jury that plaintiff who was beside the truck was within the range of vision of the driver, and was in fact seen by him, though the driver testified to the contrary, and therefore there was no error in refusing an affirmative charge.

**2. Highways ☞172(1)—Degree of care required of automobile operators on public highway stated.**

The highest degree of care is not required of operators of automobiles on public highways, but the driver is under the duty of exercising reasonable care to avoid inflicting injury upon others, who may be lawfully using the same highway.

**3. Negligence ☞136(9)—Question for jury.**

When a given state of facts is such that reasonable men may fairly differ as to whether there was negligence or not, the question is for the jury, but, if reasonable men must draw the same conclusions from the facts, the question of negligence is one of law for the court.

**4. Municipal corporations ☞706(6)—Truck driver's negligence in turning to right and striking bicycle held for jury.**

In an action for injuries sustained by plaintiff while riding a bicycle alongside defendant's truck, where the jury was authorized to infer that the driver saw the plaintiff, it was authorized to infer a want of reasonable care in turning sharply to the right and striking plaintiff's wheel, and therefore an affirmative charge was properly refused.

**5. Municipal corporations ☞706(7)—Affirmative charge as to violation of traffic ordinances by bicycle rider not called for.**

Where the evidence authorized the inference that bicycle rider did not overtake the truck and was not making any effort to pass it, but was drifting with the current of traffic by the side of the truck to the right and in view of the driver, defendant held not entitled to an affirmative charge as to any alleged violation of traffic ordinances as to passing other vehicles and sounding bell as a warning.

**6. Appeal and error ☞1005(4)—Denial of new trial not disturbed, unless verdict plainly or palpably wrong.**

The appellate court will not disturb the ruling of the trial court in denying a new trial merely because the verdict rendered may not correspond with the opinion of the court as to the weight of testimony, but must be convinced that it is plainly and palpably wrong.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages for personal injuries by Lewis Alton Giles, suing by his next friend, W. C. Giles, against the Tennessee Mill & Feed Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Sections 5 and 97 of the Traffic Code of the City of Birmingham of 1921, read:

Section 5: "All vehicles, except when passing another vehicle, shall keep reasonably near

the right-hand curb, and when overtaken by any vehicle, shall bear off to the right as near to the curb as practicable, until the overtaking vehicle shall pass by the left side of the vehicle overtaken, and the overtaking vehicle must not then return to the curb line until clear of the vehicle overtaken."

Section 97: "Every person riding a bicycle along the highways of the city of Birmingham shall have attached thereto a bell or gong, and after dark a lighted lamp, sufficient and suitable to warn people of the approach of such rider and sufficient and suitable to warn the rider of such bicycle of the presence of any obstruction in the highway within the path of such bicycle in time to avoid running into the same; and in the event of a collision by the rider of such bicycle, or in the event of an injury by such rider upon any other person while such rider is riding such bicycle, the rider shall be deemed guilty of violating this section, unless warning of his approach was given by such rider before such collision or accident by sounding said bell or gong a sufficient length of time before the collision to enable such other person to escape danger."

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

The driver of the truck was required to exercise only reasonable and ordinary care in its operation. He was not required to look behind him to ascertain if there was any possibility of collision with any person riding a bicycle, and in the absence of any testimony at all tending to show that the driver had knowledge that the plaintiff was behind him, he had a right, even if he did so, to turn north on Twentieth street. Mobile Light & R. Co. v. Roberts, 192 Ala. 486, 68 South. 815; Southworth v. Shea, 131 Ala. 419, 30 South. 774; L. & N. R. Co. v. Moran, 200 Ala. 241, 76 South. 7; Reaves v. Maybank, 193 Ala. 614, 69 South. 137; Barton v. Van Gesen, 91 Wash. 94, 157 Pac. 215; Holt v. Cutler, 185 Mass. 24, 69 N. E. 333; Borg v. Larsen, 60 Ind. App. 514, 111 N. E. 201; Campbell v. Walker, 2 Boyce (Del.) 41, 78 Atl. 601; Salminen v. Ross (C. C.) 185 Fed. 997; Id., 191 Fed. 504, 112 C. C. A. 148; Razza v. Williams (R. I.) 119 Atl. 318. The plaintiff was guilty of contributory negligence, both because he failed through his own negligent inattention to see and avoid the truck, and because he violated the traffic ordinance of the city of Birmingham in failing to ring his bell, signaling his approach. Authorities supra.

J. Reese Murray and James H. Willis, both of Birmingham, for appellee.

The driver of an automobile upon the public streets, in making a turn, owes a duty to persons traveling in the same direction, whether such persons be in front, at his side, or approaching from the rear, to use reasonable care to avoid causing them injury. Overton v. Bush, 2 Ala. App. 623, 56 South. 852; Bush v. Murphy (Sup.) 85 N. Y. Supp.

361; Hill v. Moehus, 56 App. Div. 354, 67 N. Y. Supp. 756; Lonergan v. Martin, 4 Misc. Rep. 624, 23 N. Y. Supp. 963; Hackett v. Alimite, etc., Co., 90 Neb. 200, 133 N. W. 227, 41 L. R. A. (N. S.) 337, Ann. Cas. 1913A, 829; Rand v. Syms, 162 Mass. 163, 38 N. E. 196; Crabtree v. Otterson, 22 App. Div. 393, 47 N. Y. Supp. 977. The jury was authorized to find that the driver actually saw plaintiff prior to the collision, notwithstanding the testimony of such driver that he did not then see plaintiff. So. Ry. Co. v. Shelton, 136 Ala. 191, 34 South. 194; L. & N. R. R. Co. v. Calvert, 172 Ala. 597, 55 South. 812; L. & N. R. Co. v. Jenkins, 196 Ala. 136, 72 South. 68.

GARDNER, J. This appeal is from a judgment rendered in favor of appellee for personal injuries sustained as a result of a collision between the bicycle ridden by him on one of the streets of the city of Birmingham and the motor truck of appellant.

Only two questions are here presented for consideration: The refusal of the affirmative charge requested by the defendant, and the denial of the defendant's motion for a new trial.

[1] The plaintiff was a messenger boy 16 years of age, in the employ of the Postal Telegraph Company. The Postal Company's office was in the Brown-Marx building in Birmingham, on the side facing First avenue. The plaintiff mounted his wheel in front of this office and started down First avenue for the purpose of delivering a message. At this particular point, where First avenue is intersected by Twentieth street, and according to the plaintiff's testimony just before he reached Twentieth street the right front fender of the defendant's truck struck the handle bars of his bicycle and pulled him under the truck—the right wheel in the rear of the truck passing over his body. The truck was on the right side of First avenue, also going in the direction of Twentieth street, and the evidence tended to show that both the truck and the bicycle were moving at a slow rate of speed, and that plaintiff was on his wheel and between the truck and the curbstone.

It is not clear from the evidence whether the plaintiff overtook the truck or vice versa, or whether, in fact, the plaintiff moved along with the truck as it came by the Postal office. The eyewitnesses to the accident each appear to place the plaintiff alongside the front of the truck when they first saw him. The witnesses for both the plaintiff and defendant differ in their testimony as to the details, but these conflicts need no special notice. Both the truck and the bicycle were headed to cross Twentieth street. The plaintiff himself did not notice the truck, and the driver of the truck likewise insists that he did not see the plaintiff and

knew nothing of his presence until after the accident. The driver, however, states that he noticed people crossing First avenue on the north side of Twentieth street—the people going across Twentieth street east and west. The plaintiff and the truck were each moving west toward the intersection of Twentieth street, and the plaintiff was on the north side of the truck. If the driver, therefore, was looking at the traffic across First avenue, on the north side of Twentieth street, and the plaintiff was riding his wheel along the side of the front wheel or front right fender of the truck, then the jury could infer that the plaintiff was within the range of vision of the driver of the truck, and in fact was seen by the driver thereof; though the latter testified to the contrary. Such is the result of the holding of this court in the cases of L. & N. R. Co. v. Calvert, 172 Ala. 597, 55 South. 812; L. & N. R. Co. v. Jenkins, 196 Ala. 136, 72 South. 68; South. Ry. Co. v. Shelton, 136 Ala. 191, 34 South. 194.

The evidence for the plaintiff tends to show that, as he was thus riding his wheel alongside the front of the truck, near the front wheel or the front fender, the driver of the truck made a "sharp turn to the right," thus causing the front fender of the truck to strike the handle bars of the bicycle, throwing plaintiff to the pavement and under the rear wheel of the truck, resulting in the injuries above referred to.

[2, 3] It is well established by our decisions that the highest degree of care is not exacted of operators of automobiles on public highways, but the driver is under the duty of exercising reasonable care to avoid inflicting injury upon others who may be lawfully using the same highway. The words, "reasonable care," "ordinary care," and "reasonable prudence," cannot be arbitrarily defined, but have a relative significance as applied to the conduct and affairs of men, for what may be deemed ordinary care in one case may under different circumstances be considered negligence. The determination of such questions is usually left to the jury.

"When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court." Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; Reaves v. Maybank, 193 Ala. 614, 69 South. 137.

In discussing this question, the Court of Appeals of this state, in an opinion written by Judge Walker, in Overton v. Bush, 2 Ala. App. 623, 56 South. 852, used the following language here applicable, which meets with our approval:

"Plainly, it is possible for the condition of traffic in a city street to be such at a given time that an abrupt stopping or turning aside of a vehicle may involve danger to a traveler in the rear who is going in the same direction. The choice by a traveler of the part of the highway to be used by him must be reasonable, in view of the circumstances surrounding his exercise of the right. When a collision between two vehicles occurs on the one in front making a turn, the result may be attributable either to the failure of the driver of the rear vehicle to be duly watchful of the one in front, and to be prepared for any change in its direction that may reasonably be anticipated, or to the negligence of the driver of the front vehicle in making the turn in such a way or under such circumstances as to render the collision unavoidable by the other driver. While it cannot be said that under all circumstances it is the duty of a driver of a vehicle in a city thoroughfare to give a signal to vehicles that may be following of his intention to turn, neither can it be said that an abrupt turn of a vehicle in such a place may not be so made as to constitute the act negligence in reference to another vehicle in the rear which is moving in the same direction. The question as to which driver was at fault and responsible for the collision depends upon the circumstances of the occurrence."

See, also, in this connection, Rand v. Syms, 162 Mass. 163, 38 N. E. 196; Hackett v. Dairy Co., 90 Neb. 200, 133 N. W. 227, 41 L. R. A. (N. S.) 337, Ann. Cas. 1913A, 829; 1 Thompson on Negligence, § 1290.

[4] As we have previously pointed out, under the authorities above cited, from the evidence as to the plaintiff's location alongside of the truck the jury could infer that the driver of the truck saw the plaintiff, and, clearly, under these circumstances the jury could also infer a want of reasonable care in thus turning to the right and striking the plaintiff's wheel.

In view of the evidence for the plaintiff, therefore, and in the light of the foregoing authorities, we are of the opinion the trial court committed no error in refusing the affirmative charge at defendant's request.

[5] As previously noted, the jury could reasonably infer from the evidence that plaintiff did not overtake the truck, and was not making any effort to pass it, but that he was drifting with the current of the traffic along by the side of the truck, to the right, and in view of the driver thereof. Under these circumstances, therefore, whatever may be said as to the applicability of sections 5 and 97 of the Traffic Code of Birmingham of 1921, cited by counsel for appellants, it is clear that the defendant was not entitled to the affirmative charge as to any alleged violation of either of these sections, as establishing the defense of contributory negligence as a matter of law.

[6] It is next insisted that the court below erred in denying the motion for a new trial upon the ground that the verdict was contrary to the overwhelming weight of the

evidence. The rule governing this court upon questions of this character has been frequently stated from the oft-cited case of Cobb v. Malone, 92 Ala. 630, 9 South. 738, and needs no repetition here.

The evidence is in sharp and irreconcilable conflict. This court does not disturb the ruling of the trial court upon questions of this character merely because the·verdict rendered may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence, but must be convinced it is plainly and palpably wrong.

We confess the question is not free from difficulty, but, after a careful consideration of the evidence in consultation by the sitting members of the court, the conclusion has been reached that a case is not here presented calling for a reversal of the trial court's ruling in this respect.

It results, therefore, that the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.