## BURTON v. UNITED STATES.

### No. 644–N.

United States District Court
M. D. Alabama, N. D.
June 22, 1950.

George M. Taylor, Jr., of Prattville, Ala., for plaintiff.

E. Burns Parker, U. S. Atty., and Thomas M. Stowers, Asst. U. S. Atty., of Montgomery, Ala., for defendant.

CHARLES B. KENNAMER, District Judge.

### Findings of Fact

1. Plaintiff, a citizen and resident of the northern division of the middle district of Alabama, brings this action for damages against the defendant under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq.

2. On July 15, 1949, Thomas W. McClellan, an employee of the United States Veterans Administration, in charge of a Buick automobile which was the property of the Veterans Administration, did, in the line and scope of his duty as an employee of the Veterans Administration, drive this Buick automobile from Tuscaloosa, Alabama, to Montgomery, Alabama.

3. While enroute upon this trip, and at a point on Alabama Highway No. 6, about a half mile west of the intersection of said highway with U. S. Highway No. 31, at a point located in Autauga County, Alabama, near the City of Prattville, and within the northern division of the middle district of Alabama, this Buick automobile, while being driven by the said McClellan, who was acting within the line and scope of his employment by the United States Veterans Administration, collided with a motor truck driven by Jack Burton, the plaintiff herein, and wrecked.

4. As the proximate result of the collision and wreck, the plaintiff Burton suffered the following personal injuries:

(a) Four ribs fractured posteriorly.

(b) Severe shock.

(c) Cuts and bruises around face.

(d) A cerebral contusion.

(e) Contusions of the muscles of the neck.

(f) Confined, because of injuries, to a bed in the hospital for two weeks, and at home an additional four weeks.

(g) Traumatic pleuritis.

(h) Lost approximately 40 pounds in weight and has not gained but little of this weight back, although injury occurred almost a year ago.

(i) Plaintiff is still suffering from a nervous condition and is unable to sleep properly at night.

(j) Plaintiff has paid $240 for hospital and medical services.

(k) Plaintiff was further injured in that he has been unable to work, except for a period of about four weeks, since the accident. He has been unable to return to his former employment as a cement finisher. He has had his earning capacity lowered as a result of his injuries.

5. At the time of the wreck, the motor truck driven by the plaintiff Burton had pulled almost off the paved highway and had nearly come to a stop in an effort to avoid the collision with the Buick automobile driven by McClellan. McClellan, while acting within the line and scope of his employment, was driving the Buick automobile, the property of the U. S. Veterans Administration, up hill in the rain on a wet slippery road, and was driving at a speed of from 60 to 80 miles per hour; and continued so to drive after said automobile began to swerve from side to side of the road for a distance of about 500 feet until said automobile skidded to its extreme left side of the road and the right side of said automobile collided with the left front of the motor truck with such force as to knock the wheels from under the truck and to cause it to turn over on its left side and dump the sand with which it was loaded on the shoulder of the road, the left shoulder with respect to said automobile. The Buick automobile was practically demolished, a passenger riding in

the right front seat was killed, and the plaintiff Burton was injured as herein set out.

## Conclusions of Law

1. The plaintiff has a right to maintain this action under the Federal Tort Claims Act.

2. The plaintiff had a right to use a public highway, and the "driver is under the duty of exercising reasonable care to avoid inflicting injury upon others who may be * * * using the same highway." Tenn. Mill & Feed Co. v. Giles, 211 Ala. 44, 99 So. 84, 86.

3. The United States is liable in the same manner and to the same extent as a private individual under like circumstances.

4. In determining whether the United States is liable, the Court applies the law of the State of Alabama.

5. Thomas W. McClellan, while acting within the line and scope of his employment by the United States Veterans Administration, negligently injured the plaintiff by negligently driving said automobile on a wet, slippery road in the face of oncoming traffic at a grossly excessive rate of speed.

6. The plaintiff is entitled to judgment against the defendant in such sum as will reasonably compensate him for his injuries, for his pain and suffering, for loss of employment, for medical and hospital expense, and for loss of earning capacity, which sum the Court finds to be the amount of $3,500.

7. The fees to be allowed the plaintiff's attorneys are fixed by the Court at $525, being 15% of the amount so allowed the plaintiff, to be paid from the proceeds of such recovery.

## Judgment

It is ordered, adjudged, and decreed by the Court that the Plaintiff do have and recover of the defendant the sum of $3,500, together with the costs of this Court which are taxed against the defendant; however, no attorney's docket fee is taxed.

It is further ordered that out of the proceeds of such recovery, the plaintiff's attorneys are allowed as attorney's fees for their legal services in this cause the sum of $525.