# Southern Railway Co. *v.* Lawler.

## *Crossing Accident.*

(Decided June 3, 1914.   Rehearing denied June 30, 1914.
65 South. 857.)

1. *Railroads; Crossing Accident; Negligence; Subsequent Negligence.*—Where the injury at a crossing by a train was caused by the negligence of the fireman in failing, after discovering the peril, and the person's unconsciousness of it, to notify the engineer in time to enable him to avert the accident, the railroad company is liable.

2. *Same.*—Where the accident was attributable to the subsequent negligence of the trainmen in failing to avert the accident after discovering the peril, the prior negligence of the driver would not defeat recovery.

3. *Same; Contributory Negligence; Construction.*—Where the action was for injury to a horse and driver at a crossing, a charge asserting that the burden of proof was on the plaintiff to show that the driver, at the time of the accident, was not guilty of negligence in attempting to cross the track in front of the approaching train, improperly asserted that the burden was on plaintiff to disprove contributory negligence, and hence, was properly refused.

4. *Same; Evidence.*—Where there was evidence that the killing of a horse was due to the negligence of the fireman in failing to notify the engineer in time to enable him to avert the accident, after discovering its peril, a charge asserting that no duty devolved upon the fireman to stop the train as it approached the crossing, was properly refused as susceptible of the construction that the fireman was under no duty to stop the train to avoid the accident.

5. *Same; Negligence.*—Where a fireman discovered that the driver of a team approaching a railroad crossing was unconscious of the approaching train, he could not refrain from giving a warning, if a way of doing so was available to him, without being chargeable with negligence.

6. *Same; Statutory Provision; Instruction.*—The charge asserting that the undisputed fact showed that the driver was guilty of negligence in failing to stop and look for the train, and that it was unnecessary for the engineer to blow the whistle or the fireman to ring the bell, was properly refused as being in conflict with the provisions of section 5473, Code 1907.

16 CA

7. *Charge of Court; Applicability to Evidence.*—Charges predicating a verdict on facts enumerated therein, but which omit reference to other facts shown by the evidence, are properly refused.

8. *Same; Applicability to Pleading.*—Where a case was submitted to a jury on three counts, the court was not bound to require the jury to render a verdict as to each or either of said counts specifically.

9. *Same; Applicability to Issues.*—Charges requested as to issues not involved in the case are properly refused.

10. *Same; Asserting No Legal Proposition.*—Charges asserting no legal proposition are properly refused.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by T. S. Lawler against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts sufficiently appear from the opinion of the court. The following are the charges refused to defendant:

(3) Failure of plaintiff's driver to stop, look, and listen at a point where, had he looked, he could have seen the approaching train is contributory negligence such as would bar plaintiff's recovery in this case.

(4) If you are reasonably satisfied from the evidence that the engineer in charge of defendant's engine, at the time of the alleged injury, was keeping a careful and proper lookout, consistent with his duties in the proper operation of the engine, it was not incumbent upon said engineer to attempt to stop said engine until after he discovered the peril of plaintiff's horse; and, if said alleged injury could not have been avoided after the engineer discovered the peril of plaintiff's horse, then your verdict must be for defendant.

Charges 5 and 6 are similar to 3, although somewhat variant in phraseology. Charges 12 and 15 are similar to 4. The other charges mentioned in that connection are a combination of 3 and 4.

(2) The burden of proof is on plaintiff to prove to your reasonable satisfaction that the person in charge of plaintiff's horse at the time of his alleged injury did all in his power to prevent the horse being struck by said engine.

(7) The burden of proof is on plaintiff to show to your reasonable satisfaction that the driver in charge of the horse at the time of the alleged injury was not guilty of negligence in attempting to cross the track of defendant in front of the approaching train.

(19) The verdict should be for defendant on the second count if you believe the evidence.

(B) No duty devolved on Isaac James, the fireman, to stop the train as it approached the crossing.

(C) The fireman was under no duty to inform the engineer of the approaching team until he saw the danger was imminent—that the driver would probably attempt to cross the railroad track. If the fireman gave notice of the danger to the engineer as soon as he dicovered the peril, and the engineer then did everything in his power to prevent the collision, and if his engine was properly equipped, your verdict must be for defendant.

(E) The undisputed facts in this case show that the driver of plaintiff's team was guilty of negligence in failing to stop and look for the train. It was therefore un- necessary for the engineer to blow the whistle, or the fireman to ring the bell.

(F) No evidence in this case that the engineer was guilty of willful negligence.

(G) Knowledge of the fireman is not knowledge of the engineer. A train is under the charge of the engineer, and the engineer cannot be said to be guilty of willful or wanton neglect, unless he knew of the peril of the team in time to avert it, and that the engine was driven with reckless indifference to the result.

[Southern Railway Co. v. Lawler.]

(L) The averment in the second count that the injury was the result of the wanton negligence of the employees is nothing more than a charge of simple negligence. Defendant is not liable for simple negligence because, under the evidence, defendant's driver was guilty of contributory negligence.

COOPER & COOPER, for appellant. The court erred in refusing charge 2 requested by defendant.—*L. & N. v. Young*, 153 Ala. 235; *Montgomery St. Ry. v. Hastings*, 138 Ala. 432; *So. Ry. v. Riddle*, 126 Ala. 244. The court also erred in refusing charge 3.—*L. & N. v. Mitchell*, 134 Ala. 267; *Gainor v. L. & N.*, 136 Ala. 244. The court also erred in refused charge 4.—*C. R. R. v. Foshee*, 125 Ala. 199; *So. Ry. v. Bush*, 122 Ala. 470; *Harris v. N. C. & St. L.*, 153 Ala. 139. The court erred in refusing charge 5, and charge 6.—*Gainor v. L. & N. supra; C. of Ga. v. Barnett*, 151 Ala. 407; *M. & C. v. Martin*, 117 Ala. 280; *L. & N v. Mitchell, supra; L. & N. v. Young, supra*. The court erred in refusing charge 7.— Authorities cited to charge 2. The court erred in refused charge 8.—Authorities cited to charge 5. On these authorities, the court erred in refusing charges 10, 12, 13, 15, 16, 17, 18, 19 and A. The court also erred in refusing charges B and C.—*So. Ry. v. Gullat*, 150 Ala. 318; *C. of Ga. v. Blackmon*, 169 Ala. 304; *Same v. Finch*, 59 South. 922; *Sands v. L. & N.*, 156 Ala. 323. On these authorities, the court erred in overruling motion for new trial, and in overruling demurrers to the complaint.

R. E. SMITH, for appellee. Charges 2 and 7 were properly refused.—*Mont. St. Ry. v. Hastings*, 136 Ala. 432; *Ledbeater v. St. L. & S. F.*, 63 South. 987; *Bir. Ry. Co. v. Jones*, 146 Ala. 277. The court properly refused charges 3, 5, 6, 8, 13, 16, 17 and 18.—*Bir. Ry. Co. v.*

*Jones, supra; L. & N. v. Calvert,* 172 Ala. 579. Charges
4, 12 and 15 were properly refused.—*B. R. L. & P. Co. v.
Brown,* 152 Ala. 115. Charges 10, 19 and A were prop-
erly refused.—*Randle v. B. R. L. & P.,* 158 Ala. 532;
*L. & N. v. Calvert, supra.* From these authorities the
other charges were properly refused. Plaintiff was en-
titled to recover on count 1 because of the subsequent
negligence of defendant.—*Foshee's Case,* 125 Ala. 199;
*A. G. S. v. McWhorter,* 156 Ala. 269. The court prop-
erly denied the motion for a new trial.—*Lyons v. Mc-
Gowan,* 156 Ala. 462; *Bingham v. Davidson,* 141 Ala.
551. Under the facts it was a case of the jury as to
whether or not defendant's servants were guilty of wan-
ton negligence and subsequent negligence.—*Tobler v.
S-S. S. & I. Co.,* 87 Ala. 505; *Randle v. B. R. L. & P.,
supra.*

WALKER, P. J.—This was an action to recover dam-
ages for the killing of a horse by a train of the appel-
lant (defendant below) at a crossing of its track and
a street in the city of Huntsville. The complaint con-
tained three counts, one charging simple negligence, an-
other wanton negligence, and the third negligence sub-
sequent to the discovery by the defendant, its agents,
servants, or employees, of the horse's dangerous prox-
imity to the track as the train approached the crossing.
The case was tried on issue joined on the plea of the gen-
eral issue, with leave to offer in evidence any matter or
thing which would be a good defense in bar.

The horse in question was one of a team being driven
to a wagon by an employee of the plaintiff. The defend-
ant's track in the direction from which the train was
approaching curved towards the crossing for a consid-
erable distance, and until it was within a few feet of
the crossing. The train and the wagon were going in

the same general direction, eastwardly. The engineer from his position in the right hand side of the engine could not see the crossing or the team approaching it from his left until he was within a few feet of the crossing, as he was on the outside of the curve, and the boiler of the engine obstructed his view in that direction. It was the duty of the fireman to sit on the left-hand side of the engine, and to be on the lookout. He was in that position as the train approached the crossing, and there was evidence tending to prove that from his position he could and did see the team and wagon approaching the crossing, and was aware that the driver was unconscious of the danger and would do nothing to avoid it in time to notify the engineer of the fact, and for the latter to avoid a collision at the crossing. The fireman testified that he did not notify the engineer when he first saw the team approaching the track, saying, "When he drove up to the track I thought sure he would stop." But there was evidence tending to prove that from the time the fireman first saw the team the driver of it was looking in the direction opposite to that from which the train was approaching, and that his conduct indicated unconsciousness of danger at the crossing and the absence of an intention to stop before reaching it. Notwithstanding what the fireman said as to what he thought, there was evidence to support the inference that he negligently failed to do his duty after the situation at and about the crossing was fully disclosed to him. The subsequent negligence count was supported by the evidence tending to prove that the killing of the horse was attributable to the negligence of the fireman in failing, after becoming aware of the peril, and of the driver's unconsciousness of it, to notify the engineer in time to enable him to avert it.—*Louisville & Nashville R. Co. v. Calvert, as Adm'r,* 172 Ala. 597, 55 South. 812;

*Southern Railway Co. v. Gullatt,* 158 Ala. 502, 48 South. 472; *Southern Railway Co. v. Shelton, Adm'r,* 136 Ala. 191, 214, 34 South. 194; *Southern Railway Co. v. Bush,* 122 Ala. 470, 26 South. 168. If the injury complained of was attributable to such subsequent negligence of the defendant's employee as its proximate cause, the prior negligence of the driver of the team would not bar the plaintiff's right to recover.—*Louisville & Nashville R. R. Co. v. Young,* 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301; *Randle v. Birmingham Railway, Light & Power Co.,* 158 Ala. 532, 48 South. 114.

Charges 3, 4, 5, 6, 8, 12, 13, 15, 16, 17, 18, and A, requested by the defendant, were properly refused, as each of them in its statement of a predicate for a verdict favorable to the defendant omitted any reference to the phase of the evidence above referred to which tended to prove subsequent negligence as alleged.

Charges 2 and 7, requested by the defendant, were well refused, as each of them in effect improperly asserted that the burden was upon the plaintiff to disprove the contributory negligence relied upon by the defendant.—*Ledbetter v. St. Louis & S. F. R. Co.,* 184 Ala. 457, 63 South. 987.

The form of refused charge 19 justified the court in refusing to give it. There being three counts upon which the case was submitted to the jury, the court was not bound to require them to render a verdict as to each or either of the counts specifically.—*Western Steel Car & Foundry Co. v. Cunningham,* 158 Ala. 369, 48 South. 109.

To say the least of it, charge B was so calculated to mislead that the court is not chargeable with error for refusing to give it. It was so expressed as to be liable to convey the impression that the fireman was under no duty in reference to stopping the train in order to avoid

a collision at the crossing. His duty to keep a lookout carried with it a duty to inform the engineer of a dangerous situation which, because of the latter's position on the engine, was not otherwise discoverable by him in time to adopt preventive measures. If, as there was evidence tending to prove, while both the team and the train were so far from the crossing that the danger of a collision was not yet imminent, the fireman discovered that the driver of the team was proceeding on his way in unconsciousness of the approaching train, it was his duty to inform the engineer of this situation, which, if it remained unchanged, would soon become one of peril, so as to enable the latter to take steps to avoid a collision before it was actually imminent. Furthermore, when the fireman discovered that the driver of the team was apparently unconscious of the train's approach, he could not, without being chargeable with negligence, refrain from giving a warning, if a way of doing so was available to him, as by ringing the bell. This statement discloses faults in charge C, justifying the court's refusal to give it.

Refused charge E was erroneous, as in effect it stated a proposition which cannot be reconciled with the statutory requirement as to the signals to be given in approaching and passing a public road crossing.—Code, § 5473.

The pleadings in the case involved no issue of willfulness, and the court was not required to give instructions as to such an issue. It follows that reversible error was not committed by the refusal of the court to give charges F and G. Furthermore, charge F was objectionable, in that it asserted no proposition of law.—*Mobile Light & R. R. Co. v. Walsh,* 146 Ala. 295, 40 South. 560.

Without inquiring whether refused charge L was or was not otherwise faulty, its incorrect statement as to

contributory negligence of the *defendant's* driver was enough to justify the court's refusal to give it.

Affirmed.

