LEASE *v.* G. & A. TRUCK LINES, INC.

[No. 17,962.   Filed February 14, 1950.]

Draper, C. J., not participating.

*Royal L. Lease* and *George W. Douglas,* both of Valparaiso, for appellant.

*Draper & Eichhorn,* of Gary, for appellee.

ROYSE, J.—Appellee brought this action for damages against appellant for damages to its tractor trailer which was being operated by its employee and was in an accident with an automobile owned by appellant. The accident occurred on State Highway 2 about seven

miles Northeast of Valparaiso. Appellant in addition to his answer under the rules to the complaint of appellee filed his cross-complaint against appellee for personal injuries and damage to his automobile.

Trial to jury resulted in a verdict against the appellee on its complaint and against the appellant on both paragraphs of his cross-complaint. Judgment accordingly.

The error assigned here is the overruling of appellant's motion for a new trial. We will consider the specifications of that motion in the order which they are presented.

The judgment herein appealed from was against the appellant who contends the verdict is contrary to law because it was not sustained by sufficient evidence. The verdict of which appellant complains was negative and therefore appellant may only assert it was contrary to law because he was denied relief which he was entitled to under the uncontradicted evidence. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Wadler* v. *Mogul Rubber Corp.* (1945), 116 Ind. App. 152, 62 N. E. 2d 472.

It would serve no good purpose to summarize here the conflicting evidence in this case. From our examination of the record, it does not disclose such conclusive evidence that would permit us to say as a matter of law that it entitled appellant to relief denied him by the verdict.

Appellant next contends the trial court erred in giving to the jury appellee's tendered Instruction No. 14, which is as follows:

"You are instructed that if you believe from all of the evidence in this case that the defendant and cross-complainant, Royal Lease, by the exercise of ordinary care either by turning his automobile to the right or stopping the same when he

saw that an accident was imminent, could have avoided the accident which resulted in the alleged damage to him, he is guilty of such negligence as would prevent his recovery in this action and your verdict should be against the cross-complainant upon his cross-complaint."

The objection of appellant to this instruction in the trial court is as follows:

". . . it tells the jury that the exercise of ordinary care required the defendant to either turn his car to the right or stop the same when he saw that an accident was imminent. It is a question of fact for the jury to determine whether the exercise of ordinary care required him to so turn or stop his car. The instruction is so worded that that is not its meaning. The jury could readily believe that that was its meaning and be confused by the giving of said instruction."

Appellee attempts to assert here that appellant's objection to his instruction is not in the record, but appellee having filed a petition for time to file its brief, has waived the right to present this question. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 459, 85 N. E. 2d 629, 632.

We do not approve the form of this instruction. However, we do not believe it was erroneous for the reasons set out in the above objection—which was the only objection made to the trial court.

In our opinion it does not tell the jury that the exercise of *ordinary care required* the appellant to either turn his car to the right or stop the same. In our opinion the instruction in effect told the jury that if they found from *all of the evidence in this case* that by the exercise of ordinary care appellant, by turning to the right or stopping when he saw the accident was imminent, could have avoided the accident, he was guilty of such negligence as would bar his recovery.

It may well be the instruction was not complete, but that was not the grounds stated in the objection. In our opinion this instruction left the question of whether such conduct was negligence as a matter of fact for the jury to determine. We cannot see how appellant was harmed by this instruction because it is the well settled law that if a party by the exercise of ordinary care in *any* particular could have avoided the accident, he would not be entitled to recover. *Brooks* v. *Muncie, etc., Traction Co.* (1911), 176 Ind. 298, 95 N. E. 1006. Appellant has attempted to raise other objections here to this instruction, but since they were not made to the trial court, we may not consider them. Rule 1-7, Rules of the Supreme Court.

Finally, appellant contends by the fifth specification of his motion for a new trial of "Irregularity in the proceedings of the court in this, to-wit: that the court permitted the verdict to be received by the Hon. Don N. Laramore who had not presided at said trial and had no jurisdiction therein, which said verdict was received, entered of record and the jury discharged by the said Don N. Laramore, in the absence of Hon. Robert E. Thompson, Special Judge, who presided at said trial."

Appellant's special bill of exceptions discloses the following facts:

"That on the 6th day of April, 1949, said cause of action was being tried in the Starke Circuit Court; that the Hon. Robert E. Thompson was presiding as Special Judge, and that said cause was being tried with a jury; that said cause was submitted to said jury at approximately 2:25 o'clock P.M. on said date and that said jury retired to the jury room to deliberate and remained in said jury room until about 5:10 o'clock P.M., when by agreement of the attorneys for the respective parties made in the presence of the respective parties, said jury was called into the court room

and in open court in the presence of the parties and their counsel was instructed by the Hon. Robert E. Thompson, Special Judge then presiding, that if the said jury reached a verdict, by, say ten o'clock, that the Hon. Don N. Laramore, the regular judge of the Starke Circuit Court, would receive the verdict, otherwise an envelope would be furnished for said jury to return a sealed verdict; that counsel for each of the parties herein, and the respective parties in person were present and did not object. That said Hon. Don N. Laramore accordingly was left in charge; that at approximately 10:00 o'clock P.M. on said date, a verdict was delivered to Hon. Don N. Laramore in the court room of the Starke Circuit Court who received and entered said verdict of record and discharged said jury, without any objection or offer of objection in the absence of Special Judge Hon. Robert E. Thompson who was the presiding Judge at said trial. Neither of the parties or counsel were present when the verdict was returned, but counsel for defendant was advised when the jury was ready to return its verdict, and such counsel requested Judge Laramore to proceed to receive the verdict in his absence."

The record discloses and we take judicial knowledge of the fact that the Hon. Don N. Laramore was Judge of the Starke Circuit Court. A regularly constituted Judge of a court of general jurisdiction may properly receive the verdict in a case tried by another Judge, when same is done without objection. *Spurlock* v. *State of Ind.* (1916), 185 Ind. 638, 114 N. E. 209.

We are of the opinion this cause was fairly tried, a just result reached, and no reversible error has been shown.

Judgment affirmed.

Draper, C. J., not participating.

NOTE.—Reported in 90 N. E. 2d 351.