137 So.2d 758

**Gladis PATTERSON et al.**

v.

**Luther H. SEIBENHENER.**

6 Div. 651.

Supreme Court of Alabama.

Feb. 1, 1962.

St. John & St. John, Cullman, for appellants.

Thos. A. Smith, Jr., and Robt. A. Sapp, Cullman, for appellee.

SIMPSON, Justice.

This appeal challenges the action of the trial court in refusing the affirmative charge requested by appellants on the two negligence counts contained in the complaint.

The record discloses that Luther S. Seibenhener, appellee, was a passenger in a pickup truck belonging to his employers, and was being transported from the site of a construction job in Fayette County, Alabama, to his home in Cullman County. He was accompanied by two fellow employees, J. D. Pinkard, and the driver, Gladis Patterson, one of the defendants below. The three men traveled together to Fayette County that same morning but had stopped working shortly after noon because of rain. En route back from the job site and approximately four miles north of Berry, Alabama, the truck slid off the highway and appellee received personal injuries.

Plaintiff, appellee, filed suit in the Circuit Court of Cullman, County, Alabama, in three counts. Count I charged defendants with negligence and alleged that "Plaintiff was a passenger for consideration"; Count II charged the defendants with wanton mis-

conduct in injuring the plaintiff, a passenger for consideration; and Count III also charged defendants with negligence and alleged that "the plaintiff was a passenger, not subject to the Guest Act of Alabama". At the close of the testimony the appellants requested the general affirmative charge in connection with Counts I and III. This was refused and the case submitted to the jury on all three counts, without objection being taken to the oral charge of the Court. The jury returned a general verdict in favor of plaintiff, assessing certain damages against defendants.

■ Appellants insist that the trial Court committed reversible error in refusing the affirmative charge in connection with the negligence counts, on the theory that the appellee's own negligence contributed to his injury, and insist that contributory negligence on the part of appellee was established as a matter of law inasmuch as he and others testified that the driver of the truck was driving on wet, slippery roads during rain, at a rate of speed in excess of 65 miles per hour and the appellee's only effort to protect himself against the danger inherent in this situation was to protest to the driver, when they started the trip, by saying, "By all means take it easy. We've got plenty of time."

■ It is axiomatic that the only justification for a directed verdict is when the testimony will support no other, and if there is a scintilla of evidence or reasonable inference therefrom adverse to the party requesting it, the same should be refused. 18A Ala.Dig., Trial, ☞139(1); Birmingham Elec. Co. v. Bailey, 31 Ala.App. 275, 15 So.2d 465, cert. den. 244 Ala. 671, 15 So.2d 469.

■ A cause should never be withdrawn from the jury unless it appears as a matter of law that a recovery cannot be had upon any view of the facts which the evidence reasonably tends to establish. The issues of negligence and contributory negligence are to be determined by the jury as a general rule and ordinarily should not be disposed of by the Court in a peremptory manner. Birmingham Ry. Light & Power Co. v. Gonzales, 183 Ala. 273, 61 So. 80; Alabama Great So. Ry. Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190.

■ Appellants apparently concede that there was testimony tending to establish appellee's theory that he was a passenger for consideration. They contend only that the Court erred in refusing the affirmative charge in connection with the negligence counts. In this we cannot agree. Even if the evidence is without conflict, the question whether due care has been used is usually one of fact for the jury. Yates v. DeMo, 270 Ala. 343, 118 So.2d 924; Shelby Iron Co. v. Bierly, 202 Ala. 422(4), 80 So. 806. This case, to our minds, is typically illustrative of this principle.

■■ Another way of stating the principle, where from the facts shown by the evidence, although undisputed, reasonable men might draw different conclusions as to negligence or contributory negligence, such questions are for the jury, and it is only when the facts are such that all reasonable men must draw the same conclusion that negligence or contributory negligence is ever a question of law for the Court. White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 So. 479, Tennessee Mill & Feed Co. v. Giles, 211 Ala. 44, 99 So. 84; Callaway v. Moseley, 131 F.2d 414 (Ala.C.C.A.); Reaves v. Maybank, 193 Ala. 614, 69 So. 137. In other words, where not only the facts constituting the conduct of the parties, but also the standard of care which they should have exercised, are to be determined the case is entirely one of fact to be decided by the jury. When the proof discloses such a state of facts, whether controverted or not, that, in essaying to fix responsibility for the injury or damage, different minds may arrive reasonably at different conclusions or may disagree reasonably as to the inferences to be drawn from the facts, the right of a party in a negligence action to have a jury pass upon

the question of liability becomes absolute. Drew v. Western Steel Car & Mfg. Co., 174 Ala. 616, 56 So. 995, 40 L.R.A., N.S., 890.

The Court in this case was not bound to require the jury to render a verdict as to each count, where the case was submitted on three counts, nor was the Court bound to require the jury to render a verdict on either of the counts specifically. Southern Railway Co. v. Lawler, 11 Ala.App. 241, 65 So. 857, cert. den. Ex parte Southern R. Co., 191 Ala. 663, 66 So. 1009.

In the light of these well recognized principles it is manifest the trial court's refusal to give the affirmative charge for defendants in connection with the negligence counts contained in the complaint was without error.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.