154 So.2d 747

Otis COPELAND

v.

UNITED SECURITIES LIFE INSURANCE COMPANY.

7 Div. 597.

Supreme Court of Alabama.

May 30, 1963.

Rehearing Denied July 3, 1963.

Barnes & Smith, Gadsden, and T. J. Carnes, Albertville, for appellant.

S. P. Keith, Jr., Birmingham, for appellee.

SIMPSON, Justice.

Appeal by the plaintiff from a judgment on a jury's verdict which was directed by the lower court in the defendant's favor without hypothesis. The action was based upon an accident and sickness insurance policy for the hospitalization of plaintiff's wife who was also insured in the policy.

Appellee entered a general denial and special pleas, based upon an alleged false statement contained in the application for the insurance dated December 27, 1960. Appellant argues here, having raised the point by demurrer below, that he was not bound by statements made in the application as the application was not attached to or endorsed on the policy when issued.

 Section 426(A), Title 28, Code of Ala.1940, as amended (1957, Act No. 597, effective Jan. 1, 1958), provides:

"The insured shall not be bound by any statement made in an application for a policy unless a copy of such application is attached to or endorsed on the policy when issued as a part thereof."

We apprehend that the statute was designed to put all facts relating to the insurance before the insured; to guard against over-

zealous or unscrupulous agents selling insurance to an applicant only to have the insurance policy defeated in a subsequent lawsuit by purportedly false answers in the application form, of which the insured was not fully informed. The effect of § 426(A) is to require the application form to be made a part of the policy itself and issued therewith; otherwise, the insured will not be bound by any statement made in the application. It appears, therefore, that error prevailed in overruling appellant's demurrer to said special pleas.

But the trial court apparently gave the general affirmative charge without hypothesis, as requested by appellee, on the theory that, since the policy provided on its face that " 'Sickness' as used in this policy means sickness or disease contracted and commencing after this policy has been maintained in force for not less than thirty days after its date and causing loss commencing while this policy is in force * * " and, that the evidence was uncontradicted that appellant's wife had diabetes before the policy was issued, that no recovery could be had, viewing the policy from any light. Although it was uncontradicted that appellant's wife was suffering from diabetes at the time of issuance of the policy, the evidence was not uncontradicted as to the cause of her going into the hospital in October, 1961. In fact, the only evidence we can find of the reason for hospitalization was appellee's (defendant's) exhibit No. 2, which was the statement of attending physician in proofs of loss, which stated in effect that the nature of illness was "diabetes mellitus; primary anaemia".

 Of course, skillful trial attorneys could well have developed this point more fully but we think that a jury question was presented as to the cause of loss, i. e., the reason for hospitalization of appellant's wife. Under the present state of the record, we lean to the view that the learned trial court committed reversible error in granting the affirmative charge without hypothesis, as requested by appellee.

The well-known rule in our jurisdiction is, of course, that the general affirmative charge should not be given, if there is slight evidence or a reasonable inference of recovery to be drawn therefrom (Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134 So. 480); nor should a cause be withdrawn from the jury unless it appears as a matter of law that a recovery cannot be had upon any view of the facts which the evidence reasonably tends to establish. Patterson v. Seibenhever, 273 Ala. 204, 137 So.2d 758. Also see cases cited 18A Ala.Dig., Trial, ⊜168, 169.

For the errors noted, the cause must be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.