243 So.2d 743

**Burton Eugene HANVEY**

v.

**Naomi THOMPSON, Neal D. Thompson.**

8 Div. 10 & 11.

Court of Civil Appeals of Alabama.

March 11, 1970.

Affirmed on Mandate Feb. 24, 1971.

Humphrey, Lutz & Smith, Huntsville, for appellees.

Bell, Richardson, Cleary, McLain & Tucker, and James H. Porter, Huntsville, for appellant.

WRIGHT, Judge.

On application for rehearing the original opinion in this cause is withdrawn and the following is substituted therefor as the opinion of the court.

Suit was filed in the Circuit Court of Madison County, Alabama, by Naomi Thompson against Burton Eugene Hanvey and Allie B. Hanvey. Allie B. Hanvey later was dismissed as a defendant.

The complaint contained 2 counts. Count I charging simple negligence, and Count II wantonness.

The action was for personal injury of plaintiff, and arose out of an accident occurring in Huntsville, Alabama, on December 31, 1966.

A derivative suit for medical expenses and loss of consortium was filed by Neal D. Thompson, husband of Naomi, and the complaint was substantially the same. Naomi Thompson sued for $80,000, and Neal D. Thompson for $10,000.

Demurrer was filed in both cases, and was overruled and issue was joined by plea in short. By agreement, the cases were consolidated for trial and by prior order, after motion by appellant, the Supreme Court consolidated them on appeal. One set of briefs was filed and they were orally argued jointly before this Court.

Upon trial by jury, verdicts were returned in favor of both plaintiffs on the simple negligence count, fixing damages in the Naomi Thompson case at $7500, and in the Neal D. Thompson case at $2500.

Judgment was duly entered by the court in conformity with the verdicts, on March 5, 1969. Motion for new trial was filed and overruled in each case, on April 21, 1969.

This appeal was taken from the trial judgments, and the judgment denying the motions for new trial.

The evidence in this case was practically without conflict. About noon on December 31, 1966, Naomi Thompson, with some members of her family, came from a store on the southwest side of Washington Street. She left her party and proceeded on foot to the southwest corner of Washington and Holmes Streets. These two streets intersect at right angles. Washington Street is one-way for traffic going north. Holmes Street is one-way for traffic going east.

There is a traffic light controlling traffic on Washington Street located on the northeast corner of the intersection. There is also a light controlling pedestrians located on the same corner. Both lights face south on Washington. There was a light for pedestrians also located on the southeast corner of the intersection facing west. These pedestrian lights controlled movement by the lighted words "Walk" and "Don't Walk." There were other lights about the intersection, but they are not material to the events which occurred.

It is without dispute that all of the lights controlling pedestrian movement were synchronized and operated together. In other words, pedestrians moved in all directions at this intersection at the same time, even diagonally. When the pedestrian walk signal was on, no vehicular traffic moved and no pedestrians moved when vehicular traffic was moving on either street.

Plaintiff arrived at the southwest corner of the intersection, looked at the northeast corner and saw the light for vehicular traffic on Washington Street. It was red, and the pedestrian light said "Don't Walk." Vehicular traffic was moving on Holmes Street. The weather was wet and it was raining at the time. She did not look at the pedestrian light directly in front of her across Washington Street, and proceded to walk easterly across Washington Street. She did not look at any traffic lights after leaving the corner, and did not look at traffic which was stopped on Washington immediately to her right.

There were two cars stopped, side by side, on Washington Street in the two traffic lanes. These cars were stopped in response to the red vehicular traffic light, which plaintiff had seen on the northeast corner. As plaintiff reached the first traffic lane, and in front of the first car, the red vehicular traffic light turned green. The driver of the first vehicle saw plaintiff and waited for her to clear, and then began to drive on. The defendant was in the second traffic lane on Washington. When the light turned green he started off and struck plaintiff's right leg with the right front of his car. He never saw plaintiff, and was first aware of her presence when his wife, a passenger in his car, screamed and he felt a bump. He then stopped, got from his car and found plaintiff lying in the street near the southeast corner of the intersection.

She suffered rather severe injuries, details of which are not necessary to relate here.

Plaintiff's own testimony was that she was fully familiar with the intersection, and the manner in which the vehicular and pedestrian traffic lights worked; that she

saw the "Don't Walk" light and red vehicle light on the northeast corner, proceeded into Washington Street and on her way across without further notice of traffic lights or traffic.

The appellant, Burton Eugene Hanvey, has first assigned as error the overruling and denying of his motion for new trial by the court below. He submits argument on ground 10 of the motion, which was the refusal of the court to give appellant's written requested affirmative charge with hypothesis as to Count I of each complaint.

It is contended by appellant that the charge should have been given because the evidence established, without conflict, that Naomi Thompson was guilty of negligence as a matter of law, and that said negligence proximately contributed to her injury.

If this contention is correct, appellant was entitled to have the jury so instructed, and a verdict could not be returned against appellant.

The law as to the effect of negligence of a plaintiff in an action of this nature, which negligence is a proximate contributing cause to the alleged injury, is so clear and well known that repetition here is unnecessary. We cite, Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447; Insurance Co. of North America v. Mays, 278 Ala. 20, 174 So.2d 700.

We know that the decision as to the presence of contributory negligence is for the jury where there is the mere glimmer, gleam or scintilla to the contrary. Unless evidence of such negligence is entirely free of doubt or adverse inference, the question must be submitted to the jury. Yates v. De Mo, 270 Ala. 343, 118 So.2d 924; Nashville, Chattanooga & St. Louis Rwy. v. Wilson, 271 Ala. 615, 126 So.2d 110; Patterson v. Seibenhener, 273 Ala. 204, 137 So.2d 758.

We have carefully considered the evidence in this case and have presented the material and non-conflicting portions, in greater detail than usual. We have shown in narrative form the testimony of plaintiff, Naomi Thompson, as to her actions as she approached and entered the intersection, and the prior knowledge she had of the physical layout of this particular intersection. We can find no reasonable inference from her testimony, other than her guilt of negligence, as a matter of law.

There is a statute involved in this case, Title 36, Section 58(38), Code of Alabama 1940 recompiled 1958, providing as follows:

"Sec. 58(38). Pedestrian walk and wait signals.—

"Whenever special pedestrian-control signals exhibiting the words 'walk' or 'wait' are in place such signals shall indicate as follows:

"(a) Walk. Pedestrians facing such signal may proceed across the roadway in the direction of the signal and shall be given the right of way by the drivers of all vehicles.

"(b) Wait. No pedestrians shall start to cross the roadway in the direction of such signal, but any pedestrian who has partially completed his crossing on the walk signal shall proceed to a sidewalk or safety island while the wait signal is showing."

It is contended by appellee, Naomi Thompson, that this statute is not shown by the evidence to have been violated because she testified the "Don't Walk" sign she observed was on the northeast corner of the intersection, and was not a "signal facing" her as required by the statute. This contention has no merit. There was a signal facing her on the southeast corner which she should have observed. Her testimony was that she was familiar with the traffic controls at this intersection, and that all pedestrian controls in every direction worked together. Her very failure to observe the pedestrian control "facing her" was negligence. However, it is clear she

knew the effect of the "Don't Walk" signal she did observe.

The only reasonable inference from the testimony is that she knew there was a redlight holding traffic on Washington Street while vehicular traffic was moving on Holmes Street. It is clear she knew pedestrians could not legally walk any direction in the intersection while vehicular traffic was legally moving on either street. She further knew, based on her testimony, that no traffic could turn from Holmes Street south on Washington. It was raining hard, therefore, she chose to ignore the pedestrian command "Don't Walk" and attempt to cross Washington while the vehicular traffic was held by the red light. After entering the intersection illegally, she further kept no lookout to determine if the vehicular traffic light should change from red to green, releasing the standing vehicles on Washington while she was crossing. She knowingly entered the intersection illegally, placing herself in a hazardous position, and chose to continue her perilous course without regard for her safety.

Naomi Thompson, by her own testimony, violated the above statute and was negligent, per se, or as a matter of law. Simpson v. Glenn, 264 Ala. 519, 88 So.2d 326; Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447.

The trial court in its oral charge informed the jury of the statute quoted hereinabove, but instructed them that it was for them to determine if plaintiff, Naomi Thompson, violated it. Under the evidence as presented in this case, we hold that the question of the violation of this statute was clear and without dispute, and was a matter of law, and not for the jury.

It is clear from our discussion of this case thus far that we are almost persuaded that the court erred in refusing appellant's written requested affirmative charge with hypothesis. However, precedent found in the decisions of the Supreme Court of Alabama is overpowering.

We have concluded that Mrs. Thompson was negligent as a matter of law resulting from her violation of a statute, however, before any rights grow out of such violation, it is necessary that it be determined that the violation proximately contributed to the injuries claimed. Allman v. Beam, 272 Ala. 110, 130 So.2d 194; Simpson v. Glenn, supra.

"On the issue of causation, the facts and circumstances of a particular case may be so nicely balanced that reasonable minds might differ, when this is so, the issue is one for the jury." Allman v. Beam, supra.

We, therefore, are compelled to hold that the refusal of the trial court to give the written requested affirmative charge with hypothesis was not error.

It is next argued that the trial court erred in refusing to give the following written charge at the request of appellant:

"The Court charges the jury that, under the evidence in these cases the plaintiff, Naomi Thompson, was negligent as a matter of law, and if you are reasonably satisfied from the evidence that said negligence proximately contributed to cause her injuries, your verdict in these cases cannot be in favor of either plaintiff and against this defendant, Burton Eugene Hanvey, under Count One of the complaints."

On the basis of our prior discussion and holding hereinabove that plaintiff, Naomi Thompson, was negligent as a matter of law, we conclude that the refusal to give the above written charge was error, which requires the case to be reversed. Let it be understood that our finding as to error in refusal of the above charge is not limited to the consideration of the violation of the statute as constituting negligence by plaintiff as a matter of law.

The testimony of plaintiff is conclusive as to a continuing course of action from the moment of entering the street in opposition to the direction of the pedestrian signals until struck by defendant. She

ran or walked with her head down, looking neither to right nor left, failing to observe traffic or traffic controls. It is our opinion that by her own testimony, she described a course of conduct establishing negligence so clear and indisputable that there is no scintilla to the contrary, and that all reasonable men must draw the same conclusion. Under such factual situation the determination of negligence is a question of law for the court. Patterson v. Seibenhener, 273 Ala. 204, 207, 137 So.2d 758.

■ Had our holding that plaintiff was guilty of negligence as a matter of law, been limited only to the violation of a statute, viz.—Title 36, Section 58 (38), the trial court would not have been in error in refusing defendant's written charge.

■ It is the rule that a charge upon the effect of the evidence should instruct the jury as to the acts which have been established and what legal effect results therefrom. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Dunn v. State, 8 Ala.App. 410, 62 So. 996. The charge would have been vague and indefinite if applicable only to the violation of the statute. However, when by her own testimony, plaintiff established a continuing course of negligent conduct extending until the moment of injury, the charge is not vague and indefinite. Its effect was to charge the jury that all of the evidence as to plaintiff's conduct at the time and place of injury established negligence as a matter of law.

We are of the opinion that every case must turn on its own factual situation, and that the facts are so clear and without conflict in this case, that it constitutes one of the rare exceptions to the general rule requiring the jury to determine the issue of negligence. We have successfully overcome our first inclination to hold that defendant was entitled to have given the affirmative charge with hypothesis, because of the force of the decisions of the Su-

preme Court as to submission to the jury of the question of proximate cause. However, we cannot bring ourselves to conclude, under the evidence in this case, that those decisions require us to extend them beyond all reasonable inferences.

If this is not a case requiring the trial court to charge negligence as a matter of law, we cannot conceive one more apt. If we are wrong, we are subject to be corrected.

■ One of the remaining 2 assignments of error is that the trial court erred in allowing into evidence certain hospital records over appellant's objection that there were "obvious obliterations," in some places. There is nothing in the record to indicate what is being referred to in this instance.

If there was obliteration it was due to be pointed out specifically in the record, otherwise there is nothing for this Court to consider.

■ The appellant has the burden of showing not only error but probable injury. State v. Johnson, 268 Ala. 11, 104 So.2d 915; Pausic v. Pausic, 265 Ala. 44, 89 So. 2d 522.

■ The remaining assignment of error relates to an alleged prejudicial statement of a member of the jury venire in response to a qualification question as to being policy holders of an insurance company. A member of the venire remarked that he had been a policy holder but that he had been cancelled out. He then volunteered the following information, "If you have over two wrecks with them, they will cancel you out."

This remark was made prior to selection of the jury, and the jury did not know which of the parties were connected with the particular insurance company. Appellant moved for a continuance because of this alleged prejudicial remark. The court refused the motion.

The trial court had the opportunity to observe the reaction of the jury panel to this remark, and was in a better position than this Court to determine possible prejudice. In any event, the trial judge has broad discretion in such matters, and his refusal of postponement of the trial is not reviewable except for gross abuse of such discretion. Cooper v. State, 274 Ala. 683, 151 So.2d 399; Foster & Creighton Co. v. St. Paul Mercury Indem. Co., 264 Ala. 581, 88 So.2d 825.

For error committed, the judgments of the trial court are reversed.

On applications for rehearing, original opinion withdrawn and this opinion substituted therefor. Applications for rehearing denied.

Reversed and remanded as to each case.

PER CURIAM:

Affirmed on authority of Ex parte Thompson et al, Supreme Court of Alabama, 286 Ala. 614, 243 So.2d 748.