The plaintiff, Charles Bullen, appeals from a summary judgment granted the defendant, Roto Finishing Systems (Timesavers). Bullen's personal injury action is based on breach of warranty, negligence, and the Alabama Extended Manufacturer's Liability Doctrine.
The issues presented for consideration are:
1. Is the breach of warranty action barred by the statute of limitations?
2. Was the trial court correct in entering summary judgment for Timesavers on the basis that the plaintiff's negligence claim was defeated by contributory negligence and by plaintiff's assumption of the risk as a matter of law?
3. Did the evidence establish as a matter of law a substantial change of the equipment by the employer or misuse by plaintiff, which would support summary judgment by the trial court against Bullen's action based on the Alabama Extended Manufacturer's Liability Doctrine?
Bullen sustained personal injuries on November 14, 1977, when his arm was caught in an embossing/printing machine owned by his employer, Walled Lake Door Company (Walled Lake), while the machine was in operation.
Timesavers, whose business was to sell industrial equipment, acquired the machine from its Canadian designer and manufacturer and, in the fall of 1970, sold it to Walled Lake, to whom it was delivered in early 1971. The machine was ultimately installed in Walled Lake's facility in Mobile, where the accident occurred in November 1977.
Timesavers has sold only a half dozen of these highly specialized pieces of industrial equipment, the purpose of which is to emboss with ink and imprint a wood grain pattern onto wooden panels. A wooden panel enters the first printing station on the infeed (front) side of the machine, where inking and imprinting are done by revolving rollers. The panel passes through the first station and along another conveyor a distance of approximately three feet before entering the second printing station, where a grain is imprinted on the surface of the panel by another set of rollers. After passing through the second printing station, the board exits the machine onto a powered belt conveyor.
Walled Lake made several modifications on the machine in Mobile. It constructed a catwalk across the infeed side of the machine and a platform over the midsection of the machine, between the first and second printing stations. Access to the infeed side of the machine's first station had thus been eliminated, so the task of cleaning and adjusting the machine had to be performed from the platform on the outfeed side of the first station. Since the platform covered the floor-based stationary control panel, Walled Lake installed a portable off-on switch. The hydraulic line drive shaft was moved, and Walled Lake installed a vari-drive motor, a variable drive on the print roll, and a gas air motor to the ink roll. The entire machine was elevated above the floor approximately one foot.
At the time of the accident, Bullen was standing on the midsection platform, cleaning the rollers of the first printing station. From this position, he saw panels coming down the line towards the machine and, realizing the panels should not be moving, *Page 1258 
waved his hands to get the sander's attention to stop them. Bullen's right arm became caught in the machine at an in-running nip point, where the inking roll and the embossing roll came into contact with each other, moving in opposite directions. He was unable to shut down the machine and free himself without assistance.
On November 13, 1978, Bullen filed suit against Timesavers and other parties responsible for maintenance and inspection of the machine and sought damages for his personal injuries. As heretofore noted, against Timesavers, Bullen alleged breach of warranty, negligence, and liability under the doctrine of extended manufacturer's liability. A pro tanto settlement agreement was reached with one of the defendants, and all remaining defendants, including Timesavers, were granted summary judgment against Bullen. The trial court denied Bullen's motion to reconsider, and he appeals from the summary judgment for Timesavers and the trial court's order denying his motion to reconsider.
We affirm the judgment of the trial court as to Bullen's action for breach of warranty. The Alabama Uniform Commercial Code, as applicable to sales of industrial equipment, provides that an "action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Ala. Code 1975, § 7-2-725 (1). The Code further provides: "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made. . . ." Ala. Code 1975, § 7-2-725 (2). There is no doubt that the printer/embosser is industrial equipment as defined by Ala. Code 1975, § 7-9-109, Comment 2.
The limitations period ran in early 1975, four years after the machine was delivered to Walled Lake in 1971. This suit was filed on November 13, 1978. The breach of warranty claim is, therefore, barred by the statute of limitations.
We disagree, however, with the trial court's summary judgment against Bullen on his cause of action based on negligence and the Alabama Extended Manufacturer's Liability Doctrine. Summary judgment is proper only if the pleadings, depositions, and affidavits show that there is no genuine issue of any material fact and that, as a matter of law, the moving party is entitled to the relief sought.
In Casrell v. Altec Industries, Inc., 335 So.2d 128 (Ala. 1976), this Court adopted the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). Casrell requires, for the manufacturer to be liable, that the product must "reach the user or consumer without substantial change." However, here, as in Casrell, expert testimony created at least a scintilla of evidence to place the question within the province of the jury as to whether these changes proximately caused Bullen's injury. Walled Lake's modification of the equipment, although said by Timesavers to be substantial, did not override the possibility of a finding by a jury that the machine, as designed and sold, contained a safety deficiency which rendered it unreasonably dangerous under foreseeable uses. Expert testimony offered by the plaintiff indicated that a nip point guard in the form of a stationary metal bar would have prevented objects from being pulled into the machinery by the rollers, without hampering the operation of the machine.
Jury questions were presented not only as to whether the nip point was unsafe and accessible as originally designed, being less than six feet from the floor, but also as to whether Walled Lake's addition of a catwalk and platform constituted an independent, intervening, and superseding cause of the accident, and whether Bullen's use of the machinery was proper and usual.
We have many times stated that assumption of the risk and contributory negligence are ordinarily questions for the jury. Testimony conflicts as to whether Bullen, although aware of the hazards of nip points, did foresee and appreciate, or should have foreseen, the accident and whether the task *Page 1259 
of cleaning the rollers was performed by longstanding, ordinary procedures. As noted in Beloit Corporation v. Harrell,339 So.2d 992 (Ala. 1976), cited in Banner Welders, Inc. v.Knighton, 425 So.2d 441 (Ala. 1982), "Ordinarily, the conduct of the plaintiff, in his use of an alleged defective product, is a factual issue for the jury." Contributory negligence is for the jury where there is a scintilla of evidence to the contrary. Elba Wood Products, Inc. v. Brackin, 356 So.2d 119
(Ala. 1978).
Where not only the facts constituting the conduct of parties, but also the standard of care which they should have exercised, are to be determined, the case is entirely one of fact to be decided by the jury. Patterson v. Seibenhener, 273 Ala. 204,137 So.2d 758 (1962).
The record in this case, consisting of exhibits, affidavits, and depositions of various witnesses and experts runs to nine volumes, consisting of well over a thousand pages. We have read much of this voluminous record, and we cannot say, as we must to affirm the trial court in its summary judgment ruling, that reasonable minds, drawing upon all reasonable inferences from the evidence, could reach but a single conclusion. The burden is on the party moving for summary judgment to clearly establish the absence of any triable issue of fact and that the movant is entitled to a judgment as a matter of law. Timesavers has not sustained this burden.
The cause is reversed as to negligence and liability under AEMLD and remanded for trial on the merits.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.