Defendant, Alabama Power Company ("APCo"), appeals from the trial court's grant of a new trial to the plaintiff, Ezzie Charles Wallace. Wallace cross-appeals, claiming error in the trial court's refusal to direct a verdict on the negligence and res ipsa loquitur counts of his complaint. Wallace also moved to dismiss APCo's appeal; that motion is denied. We reverse the order granting a new trial and remand for entry of a judgment based on the jury verdict.
APCo constructed an electric power line adjacent to Building 274 — a residence — located in the Brookley Field Complex in Mobile, Alabama. This line provided electrical power to the residences in the area, and consisted of two wires, the primary wire (the top wire, which carried 7200 volts of electricity) and the neutral wire (the bottom wire, which had no voltage). Both wires were located to the side and away *Page 1374 
from the roof of Building 274, with a horizontal distance of about four inches between the roof and the wires. The primary wire was located at a vertical distance of eight feet one inch from the roof and the neutral wire was located vertically three feet eleven inches from the roof. Each of the distances from the roof exceeded the specific clearance requirements of the National Electrical Safety Code ("NESC"), which is the applicable safety standard for power lines of this nature.
In August 1977, Rick Tharp, a roofing contractor, who employed Wallace, began work on Building 274's roof. Prior to beginning this work, Tharp inspected the job site and saw no safety problems in performing the work. He also warned his roofing crew, including Wallace, to stay away from adjacent power lines. Tharp did not ask APCo to de-energize the adjacent power lines. No evidence was presented indicating that APCo had any knowledge that Tharp and his crew were performing this roofing work on Building 274.
Wallace, a roofer with four years of experience, was assigned as the felt roller on Building 274. The facts at this point are in dispute: Wallace asserts that as part of his job as felt roller, he was to lift a bucket full of hot tar from the ground onto the roof by using a rope with a hook attached to the end. He testified that he saw the wires adjacent to the house carport roof, but did not pay them any attention, and that he had seen plenty of wires close to houses. He further testified that he could not have touched the wires if he had attempted to, and stated he was five feet eleven inches tall. Wallace testified that, while on the roof, he had begun cleaning his fingernails with a metal roofing knife, when the mop man[1] called for more hot tar. Wallace said he then dropped his knife into his pouch and reached for the rope to pull up the bucket containing hot tar and then blacked out, and that he remembered virtually nothing until after his hands were amputated three days later.
APCo presented the testimony of other members of the roofing company who stated that they saw Wallace reach out and touch the bottom wire — the neutral wire — with his roofing knife and then grab it with his left hand. They stated that he then reached and grabbed the top primary wire with his right hand. They then stated that upon his contact with the top wire, Wallace was burned from the electrical contact and fell back to the carport roof. After being advised of the accident, APCo conducted an investigation and inspected the scene; the investigation produced evidence of flesh burn marks on the line after the accident, indicating contact with both wires.
We address three issues in these consolidated appeals:
1. Whether APCo's appeal from the new trial order should be dismissed, on the basis that the jury verdict and the judgment entered on that verdict were "null and void" (because the verdict was received by a substitute judge) and, therefore, "will not support APCo's appeal."
2. Whether the trial court erred in granting Wallace a new trial.
3. Whether the trial court erred in denying Wallace's directed verdict and JNOV motions.
 I.
Wallace argues that APCo's appeal should be dismissed because, he argues, the jury's verdict "is null and void" and "will not support APCo's appeal." He bases this contention on the fact that the trial judge, Circuit Judge Braxton Kittrell, allowed another judge, Circuit Judge Robert Kendall, in Judge Kittrell's absence, to give some limited explanatory instructions to the jury regarding Alabama case law and to receive the jury's verdict. Wallace contends that the trial court, under these circumstances, lacked jurisdiction to accept the jury verdict to and enter the judgment that was entered for APCo in this case. APCo, on the other hand, argues that the procedure followed in this case was valid, *Page 1375 
pursuant to Rule 63, A.R.Civ.P., which allows substitution of trial judges due to disability or sickness.
The substitution of trial judges has long been recognized as proper in this state. Adams v. Queen Ins. Co. of America,264 Ala. 572, 581, 88 So.2d 331, 338 (1956), in which we stated:
 While there seems to be some difference of opinion on the subject, we think that the better rule is to the effect that where the judge who tried the case cannot be present to receive the verdict, it may be received by another judge of that court. Lease v. G. A. Truck Lines, Inc., 120 Ind. App. 78, 90 N.E.2d 351; Culver v. Lehigh Valley Transit Co., 322 Pa. 503, 186 A. 70; Eastley v. Glenn, 313 Pa. 130, 169 A. 433. We feel that if counsel for the parties intended to seek to set aside the verdict on the ground that the verdict was to be received by a judge other than the judge who tried the case, it was incumbent upon counsel to expressly interpose an objection to that procedure. See Rasmus v. Schaffer, 230 Ala. 245, 160 So. 244 [1935].
We are of the opinion that Rule 63, A.R.Civ.P., which was adopted by this Court to address this issue should be interpreted in this manner, thus allowing the substitution of Judge Kendall for Judge Kittrell.
Our rule is substantially identical to Rule 63, F.R.Civ.P. Rule 63, A.R.Civ.P., Committee Comments. We have held that federal case law interpreting a federal rule that is identical to an Alabama rule is authority for construction of the Alabama Rule. Weatherly v. Baptist Medical Center, 392 So.2d 832 (Ala. 1981). The federal courts have long accepted the rule that a successor judge may interpret the law, but may not rule on the credibility of witnesses whose testimony he did not hear. HenryA. Knott Co. v. Chesapeake Potomac Tel. Co., 772 F.2d 78 (4th Cir. 1985); Crumpacker v. Crumpacker, 516 F. Supp. 292
(N.D.Ind. 1981). It is also the law in our sister state of Florida, Tompkins Land Housing, Inc. v. White, 431 So.2d 259
(Fla.Dist.Ct.App. 1983). The following appears at 48A C.J.S.Judges § 66 (1981) at 650:
 "[I]t has been broadly stated that a successor judge may complete any acts uncompleted by his predecessor where they do not require the successor to compare and weigh testimony. Accordingly, a successor judge may decide questions of law, but he may not determine the credibility of witnesses and compare and weigh testimony."
We hold in this case that Judge Kendall did not determine the credibility of witnesses when he accepted the jury's verdict in Judge Kittrell's absence. Further, we find no error in Judge Kendall's explaining the theories of res ipsa loquitur and contributory negligence to the jury.
The motion to dismiss is due to be denied, and we are not convinced that the arguments made in support of that motion require an affirmance of the new trial order.
 II.
After a verdict for APCo had been received, and a judgment entered, Judge Kittrell granted Wallace's motion for a new trial; that new trial would have been the fourth trial of the issues in this case.[2] Judge Kittrell, in granting a new trial, did not specify any reasons. The rule in this state is that in such a case this Court is to presume that the trial court granted the new trial because the verdict was against the great weight of the evidence, but may uphold the trial court's action on any ground for which a new trial may be granted. *Page 1376 Bekins Van Lines v. Beal, 418 So.2d 81 (Ala. 1982).
We will review the grant of a new trial, though, with regard to the rule that a strong presumption exists in favor of a jury verdict. American Furniture Galleries, Inc. v. McWane, Inc.,477 So.2d 369, 373 (Ala. 1985).
A. Jury's Verdict Supported By The Evidence
Wallace argues that the jury's verdict is contrary to the great weight of the evidence. APCo counters by stating the standard for review established in Jawad v. Granade,497 So.2d 471, 477 (Ala. 1986):
 "[A]n order granting a motion for new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence."
After a thorough review of the record, it is clear that the jury verdict was supported by the evidence. We, therefore, cannot uphold the trial court's grant of a new trial on this ground.[3]
B. Trial Court's Denial Of Wallace's Motion For A Continuance
During the trial of this matter, Wallace requested a continuance due to the unavailability of his expert witness, Dr. Robert DeWoody. It is a well-settled rule in Alabama that continuances of trial settings rest within the broad discretion of the trial court. Mitchell v. Moore, 406 So.2d 347 (Ala. 1981); Selby v. Money, 403 So.2d 218 (Ala. 1981). For a continuance to be warranted by the absence of a witness, a party must establish, inter alia, that he or she exercised due diligence to secure the absent witness, and that the expected testimony would be more than merely cumulative. We find, after a review of the record, that DeWoody had previously testified for Wallace in the two prior trials of this case. Wallace did not present any evidence that DeWoody's testimony would be different at this trial. The trial court determined that this situation was appropriate for the use of Rule 32(a)(3)(B), A.R.Civ.P., which would have allowed the introduction of deposition testimony. We cannot hold, as a matter of law, that the trial court was in error in refusing to grant Wallace's motion for a continuance.
C. Trial Court's Denial Of Wallace's Attempt To Proffer A New Expert Witness
After the denial of the motion for a continuance, Wallace informed the trial court of his desire to use a new expert witness, Mr. Don Johns. APCo filed a motion to exclude this testimony, and the trial court granted this motion. Wallace argues that due to the complex and technical nature of the theory of liability in this case, a live electrical expert was crucial to the trial of his case. APCo, on the other hand, argues the well-settled rule in this state that the trial court has broad discretion to limit the number of trial witnesses when the testimony is shown to be cumulative and is not shown to differ from other testimony. Sweatman v. Federal DepositIns. Corp., 418 So.2d 893 (Ala. 1982); Chambers v. Culver,289 Ala. 724, 272 So.2d 236 (1973). Furthermore, there was no evidence that Mr. Johns's testimony would differ in any material way from Dr. DeWoody's testimony. This case presents no reason to create an exception to the rule stated inSweatman, supra. We, therefore, hold that a new trial should not have been granted on this ground or on any of the above discussed grounds.
 III.
We next turn to Wallace's appeal. Wallace contends that his motions for a directed verdict and for JNOV were due to *Page 1377 
be granted. Wallace bases his argument on his contention that he proved APCo's liability through the use of the theories of res ipsa loquitur and general negligence. He contends that he proved all of the requisite elements of both theories and thereby placed on APCo the burden of negating negligence, and that APCo did not carry that burden. On the other hand, APCo points to the standard of review stated in Carnival CruiseLines, Inc. v. Snoddy, 457 So.2d 379, 384 (Ala. 1984):
 "The standard of review in analyzing this question is straightforward. As stated in Purcell Co. v. Spriggs Enterprises, Inc., 431 So.2d 515, 518 (Ala. 1983), 'A trial court will not be reversed for refusing to direct a verdict in favor of a movant if a scintilla of evidence exists in favor of the party opposing the motion.' In reviewing this case on appeal, we must examine the evidence in a light most favorable to the non-movant. Id. The question then becomes whether the evidence, viewed in its most favorable light, contains a scintilla of evidence that the defendant-appellant was negligent in failing to provide 1) an adequate leerail for Mr. Snoddy's bunk. . . ."
In Quillen v. Quillen, 388 So.2d 985 (Ala. 1980), we said:
 " '[W]here from the facts shown by the evidence, although undisputed, reasonable men might draw different conclusions as to negligence or contributory negligence, such questions are for the jury, and it is only when the facts are such that all reasonable men must draw the same conclusion that negligence or contributory negligence is ever a question of law for the Court. White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 So. 479, Tennessee Mill Feed Co. v. Giles, 211 Ala. 44, 99 So. 84; Callaway v. Moseley, 131 F.2d 414 (Ala.C.C.A.); Reaves v. Maybank, 193 Ala. 614, 69 So. 137. In other words, where not only the facts constituting the conduct of the parties, but also the standard of care which they should have exercised, are to be determined the case is entirely one of fact to be decided by the jury. When the proof discloses such a state of facts, whether controverted or not, that, in essaying to fix responsibility for the injury or damage, different minds may arrive reasonably at different conclusions or may disagree reasonably as to the inferences to be drawn from the facts, the right of a party in a negligence action to have a jury pass upon the question of liability becomes absolute. Drew v. Western Steel Car Mfg. Co., 174 Ala. 616, 56 So. 995, 40 L.R.A., N.S., 890.' "
388 So.2d at 988 (quoting Patterson v. Seibenhener, 273 Ala. 204,206-07, 137 So.2d 758, 760 (1962).
As to Wallace's assertion that proof of the theory of res ipsa loquitur requires the trial court to direct a verdict for him, we refer to Coalite, Inc. v. Aldridge, 45 Ala. App. 277,229 So.2d 524 (1968), reversed, 285 Ala. 137, 229 So.2d 539, on remand, 45 Ala. App. 721, 229 So.2d 541 (1969), where the Court of Appeals stated, at 45 Ala. App. at 292, 229 So.2d at 541, that "if . . . the plaintiff adduces circumstances within the three basic requisites of res ipsa loquitur, though the defendant may adduce evidence tending to refute the implication of negligence, ordinarily the resolution of the conflict is a jury question." (Emphasis original.) (While this Court reversed, holding that the doctrine of res ipsa loquitur had no application in that case, it did not question the Court of Appeals' statement quoted here.) Therefore, the resolution of the issues in a res ipsa loquitur case ordinarily requires submission to a jury. Similarly, questions of negligence and contributory negligence are jury questions, as stated inQuillen, supra. We, therefore, hold that the trial court did not err in refusing to direct a verdict for the plaintiff and in not granting his JNOV motion; thus, the rulings challenged by Wallace's appeal are affirmed.
The order granting the new trial is reversed; the cause is remanded for the trial court to enter judgment in accordance with the jury verdict.
MOTION TO DISMISS DENIED.
87-238 — AFFIRMED. *Page 1378 
87-206 — REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] The mop man is a member of the roofing crew who mops the hot tar onto the roof preceding the placement of a layer of felt on the roof by the felt roller.
[2] This case was first tried before the Honorable Circuit Judge Michael Zoghby; that trial ended in a mistrial following submission to a jury in February 1982. In December 1983, a second trial was held before Judge Zoghby, resulting in a jury verdict and judgment for APCo. Wallace appealed and a new trial was granted by this Court on the sole ground that one prospective juror held stock in the parent company of APCo and, therefore, should have been removed for cause. See Wallace v.Alabama Power Co., 497 So.2d 450 (Ala. 1986). A third trial, the one involved in the present appeal, was held in June 1987, before the Honorable Circuit Judge Braxton Kittrell. The jury returned a verdict for APCo. Judge Kittrell set the verdict aside and ordered a new trial.
[3] Evidence supporting the jury's verdict included 1) the fact that plaintiff remembered nothing after he began pulling the hot tar bucket to the roof; 2) the fact that Wallace's co-workers remembered Wallace touching the neutral wire with his roofing knife and grabbing the live wire with his right hand; and 3) the fact that APCo's investigation of the accident produced evidence of flesh burn marks on both wires.